## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Joel John Virtue, | Case No. 19-cv-2403 (WMW/DTS) |
|         Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| Warden B. Birkholz, | |
|         Respondent. | |

_____

Petitioner Joel John Virtue seeks a writ of habeas corpus from this Court. When he filed his Petition, Virtue was incarcerated at the Federal Prison Camp in Duluth, Minnesota, despite being eligible for home confinement under the First Step Act. Pet. 1, Ex. A, Dkt. No. 1. He requests "immediate release and placement in home confinement" and damages for his time in prison beyond the date he became eligible for home placement. *Id.* at 7. However, Virtue has subsequently been placed in home confinement. Decl. of Shannon Boldt ¶ 3, Ex. A, Dkt. No. 13; Pet'r Resp. 3, Dkt. No. 11. Because Virtue has obtained all the relief this Court could provide in a writ of habeas corpus, his Petition is now moot.

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). A case or controversy requires, at all stages of the litigation, "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Without a live controversy to decide, a court must dismiss the action for lack of jurisdiction. *Cangemi*, 419 F.3d at 724.

By being placed in home confinement, Virtue has received all the redress that a favorable decision on his Petition would bring. He also requests money damages in Petition, but such relief is not available in habeas and so cannot be granted. *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004). Further, although still "in custody" for purposes of 28 U.S.C. § 2241, Virtue challenges only the Federal Bureau of Prisons' alleged failure to move him to home confinement at the earliest possible date he was eligible. There are no "collateral consequences" of the BOP's allegedly tardy action that this Court could redress by finding in Virtue's favor. *See, e.g.*, *Kemna*, 523 U.S. at 7-8. In short, any claim for relief, if any, Virtue has following his placement in home confinement is not cognizable in a petition for habeas corpus and so his Petition is denied.

## RECOMMENDATION

The Court HEREBY RECOMMENDS that Petitioner Joel John Virtue's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) BE DENIED and this matter DISMISSED.

Dated: October 22, 2019                    s/David T. Schultz
                                           DAVID T. SCHULTZ
                                           United States Magistrate Judge